ORIGINAL



FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN -9 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KURT BROWN | Criminal Indictment<br><br>No. 1:24CR-0013 |

THE GRAND JURY CHARGES THAT:

### Counts One through Three

(Making False Statement to Licensed Firearms Dealer – 18 U.S.C. § 922(a)(6))

On or about each date alleged in Column B below, in the Northern District of Georgia, the defendant, KURT BROWN, aided and abetted by others known and unknown to the Grand Jury, knowingly made a false and fictitious written statement to the licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, as identified in Column C below, in connection with the acquisition of at least one of the corresponding firearms listed in Column D below, which statement was intended and likely to deceive the firearms dealers as to a fact material to the lawfulness of the acquisition of said firearm(s) under Chapter 44, Title 18, United States Code, that is:

| Column A Count | Column B | Column C | Column D |
|---|---|---|---|
| | Date | Licensed Firearms Dealer | Firearm(s) Acquired by Defendant |
| 1 | 4/9/2021 | Arrowhead Pawn Shop | Glock, model 42, .380 caliber pistol; Kalashnikov, model KP-9, 9mm caliber pistol; Glock, model 23, .40 caliber pistol; (2) Glock, model 21 Gen 4 .45 caliber pistols; Glock 23gen4 pistol; S&WM&P40 pistol; S&W M&P9 pistol; Smith & Wesson, model M&P Shield, .380 caliber pistol; Zastava, model ZPAP92, 7.62 caliber pistol |
| 2 | 4/12/2021 | Arrowhead Pawn Shop | (3) S&W, model M&P 9 Shield, 9mm caliber pistols; (2) Sig Sauer, model P365, 9mm caliber pistols; (7) Ruger, model LCP II, .380 caliber pistols; (5) Ruger, model LCP, .380 caliber pistols; (4) Ruger, model EC9S, 9mm caliber pistols; (3) Glock, model 43X MOS, 9mm caliber pistols; (2) Glock, model 48, .9mm caliber pistols; |

|  |  |  | (2) Springfield, model Hellcat, 9mm caliber pistols; Kalashnikov, model KP9, 9mm caliber pistol; Zastava, model ZPAP92, 7.62 caliber pistol; (4) S&W, model M&P Shield 2.0, 9mm caliber pistols; (2) S&W, model M&P Shield 2.0, .40 caliber pistols; Glock, model 42, .380 caliber pistol; (2) Glock, model 21Gen4 .45 caliber pistols; Glock, model 23, .40 caliber pistol; Glock, model 23Gen4, .40 caliber pistol; Glock, model 30S, .45 caliber pistol; Glock, model 26 Gen 4, 9mm caliber pistol; Glock, model 27 Gen 4, .40 caliber pistol; Glock, model 22 Gen 4, .40 caliber pistol; (3) S&W, model M&P EZ Shield, .380 caliber pistols; S&W, model M&P EZ Shield, 9mm caliber pistol; (5) S&W, model M&P |
|---|---|---|---|

|   |         |                      |                                                                                                                                                                                |
|---|---------|----------------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |         |                      | 40 Shield, .40 caliber pistols; (6) HS Produkt Springfield, model XD9 sub-compact, 9mm caliber pistols; SCCY Industries, model CPX-2, 9mm caliber pistol |
| 3 | 4/12/21 | Army Navy Outfitters | Glock model 17 9mm caliber pistol; Glock model 43 9mm caliber pistol; Glock model 19 9mm caliber pistol                                                                        |

all in violation of Title 18, United States Code, Section 922(a)(6) and Section 2.

### Forfeiture Provision

Upon conviction of one or more of the offenses alleged in Counts One through Three of the Indictment, the defendant, KURT BROWN, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offenses.

If, any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A _True_ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
United States Attorney

DASHENE A. COOPER
Assistant United States Attorney
Georgia Bar No. 385738

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

5